Cortez L. FRANKLIN, Petitioner–
Appellant,

v.

Robert PATTON, Respondent–Appellee.

No. 15–6020.

United States Court of Appeals,
Tenth Circuit.

May 27, 2015.

Cortez L. Franklin, Cushing, OK, pro se.

Jay Schniederjan, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before MATHESON, MURPHY, and PHILLIPS, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

SCOTT M. MATHESON, JR., Circuit Judge.

Cortez L. Franklin, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

deny his request for a COA and dismiss this matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Franklin is serving a life sentence without the possibility of parole for first-degree murder under Oklahoma law. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct appeal.

Mr. Franklin then filed a federal habeas action in the District Court for the Western District of Oklahoma, raising seven grounds for relief. On November 25, 2014, a magistrate judge entered a report and recommendation, recommending that the habeas petition be denied. On January 8, 2015, the district court accepted, adopted, and affirmed the report and recommendation, denying habeas relief and COA. On January 16, 2015, Mr. Franklin filed a "Notice of Right to Object." ROA, Vol. I at 127. The district court interpreted this filing as an objection to the magistrate judge's report and recommendation. On January 21, 2015, the district court rejected Mr. Franklin's objections to the magistrate judge's report, said that habeas relief and COA remained denied, and noted the January 8 final judgment was unchanged. On February 12, 2015, Mr. Franklin filed a notice of appeal.

Mr. Franklin seeks a COA from this court to appeal three of his original seven grounds for relief: (1) the State's use of peremptory strikes against only minority jurors, (2) the denial of a fair trial based

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. Because Mr. Franklin is proceeding pro se, we construe his filings liberally. *See Erickson*

*v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir.2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction *stops*, however, at the point at which we begin to serve as his advocate.").

upon the trial court's refusal to grant a mistrial, and (3) cumulative error.

## II. STANDARD OF REVIEW AND LEGAL BACKGROUND

A COA is necessary to appeal from a district court's denial of a § 2254 habeas petition. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "This is a jurisdictional pre-requisite...." *Id.; see* Fed. R.App. P. 22(b)(1). To receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Where, as here, the petitioner's federal habeas claims were adjudicated on the merits in state court proceedings, a federal court cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

## III. DISCUSSION

We deny COA on all three issues presented and dismiss this matter.

### A. *Peremptory Strikes*

Mr. Franklin argues the State impermissibly used its peremptory challenges to strike minority jurors in violation of the Fourteenth Amendment.[2] In particular, a juror was struck over the defense counsel's objection that she was "the only black juror out of the thirty jurors making up the venire." Aplt. Br. at 3. As a result, Mr. Franklin was tried before a jury "lack[ing] any member of his racial background or any ethnic group other than Caucasians." *Id.*

The Fourteenth Amendment prohibits a prosecutor from exercising a peremptory strike on a prospective juror on account of the juror's race. *See Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson* challenges are subject to a three-step review process:

> Once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step one), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step two). If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the

---

**2.** Although Mr. Franklin also argues the use of peremptory challenges violated his "right to be tried before a jury composed of a fair cross section of the community," Aplt. Br. at 3, evoking the Sixth Amendment, we construe his argument to implicate only the Fourteenth Amendment. A Sixth Amendment, fair-cross-section challenge concerns the composition of the jury pool, not the use of peremptory challenges. *See Duren v. Missouri,* 439 U.S. 357, 363–64, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Mr. Franklin makes no argument as to the composition of the jury pool. In any case, we would agree with the magistrate judge that Mr. Franklin failed to demonstrate that any racial or ethnic underrepresentation in the jury was the product of systematic exclusion in the selection process, which is required to show a Sixth Amendment violation. *See id.* at 364, 99 S.Ct. 664.

strike has proved purposeful racial discrimination.

*Black v. Workman,* 682 F.3d 880, 894 (10th Cir.2012) (quotations and alterations omitted). Here, the magistrate judge agreed with the trial court and the OCCA that the prosecution's stated reasons for exercising its peremptory strikes were race-neutral. Further, the magistrate judge noted Mr. Franklin had failed to challenge the trial court's findings at Batson step three. As such, the magistrate judge recommended and the district court held that the OCCA's decision was not an unreasonable determination of the facts or contrary to clearly established federal law.

We agree for substantially the same reasons. Mr. Franklin has not raised a debatable claim that he is entitled to habeas relief on this ground, so we deny COA on his first claim for habeas relief.

### B. *Fair Trial*

Mr. Franklin argues the trial court violated his Sixth Amendment right to a fair trial before an impartial jury by refusing to declare a mistrial after two incidents.

The trial court refused to declare a mistrial after a prospective juror, Panelist L., said, in circumstances where other prospective jurors could hear, "I don't know anything about this case, but I know about other cases." ROA, Vol. I at 101. Mr. Franklin's attorney argued this statement tainted the jury with a clear reference to other crimes committed by Mr. Franklin. The trial court ruled Panelist L. had made no statement connecting Mr. Franklin to these "other cases." In any case, the court admonished the remaining prospective jurors that Panelist L. "had some beliefs based totally on speculations" and that the prospective jurors were to "disregard any comments that she had to say in open court." *Id.* at 102 (quotations omitted). The OCCA affirmed, determining

the reference to "other cases" "did not taint the panel with insinuations about [Mr. Franklin's] criminal history." *Id.* at 103. Further, it noted the trial court had admonished the prospective jurors out of an abundance of caution.

The trial court also refused to declare a mistrial after a witness testified, "I was afraid of Mr. Franklin because of his background." *Id.* at 102. The trial court determined the witness's "statement and use of the word 'background' clearly does not speak as to prior convictions, prior ... cases, but it is an example of other evidence of the defendant's bad character," which is admissible. *Id.* at 102–03 (quotations omitted). It admonished the jury to disregard the "comment about a background." *Id.* at 103 (quotations omitted). The OCCA affirmed the trial court's refusal to declare a mistrial.

With respect to both incidents, the magistrate judge recommended and the district court found the "OCCA's rejection of relief on the merits was not an unreasonable application of or contrary to clearly established federal law; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id.* at 109. The magistrate judge made the following points. First, the trial court's decision followed individualized consideration of Mr. Franklin's arguments. Second, Mr. Franklin did not identify any actual bias on the part of any juror, and instead, argued that bias should be presumed. But the incidents did not rise to the extreme level needed to presume bias. Third, the trial court had specifically instructed the jury to disregard both comments.

We agree for substantially the same reasons and determine no reasonable jurist could debate whether the district court properly resolved Mr. Franklin's petition for habeas relief on this issue. *See Slack,*

529 U.S. at 484, 120 S.Ct. 1595. We deny COA.

### C. *Cumulative Error.*

Mr. Franklin finally argues the accumulation of trial errors deprived him of a fundamentally fair trial. The OCCA denied this claim of error: "Because we have found no error in the preceding claims, there can be no accumulation of error." ROA, Vol. I at 120. The magistrate judge recommended and the district court found that the OCCA's decision was not unreasonable or contrary to clearly established law: "[N]o *constitutional* errors were present in the state-court proceedings, including with respect to [Mr. Franklin's] claims where it is recommended that relief be denied based upon an insufficient showing of prejudice (or presumed prejudice). Lacking two or more errors to accumulate, Petitioner cannot show a violation of fundamental fairness." *Id.* at 121–22 (emphasis in original) (citation omitted).

We agree for substantially the same reasons. Mr. Franklin has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We deny COA on this issue.

## IV. CONCLUSION

For the foregoing reasons, we deny Mr. Franklin's application for COA and dismiss this matter.